Jason R. Searcy
SBN 17753500
Joshua P. Searcy
SBN 24053468
Callan C. Searcy
SBN 24075523
SEARCY & SEARCY, P.C.
P. O. Box 3929
Longview, Texas 75606
Tel. 903/757-3399
Fax. 903/757-9559

Counsel for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SANDIA DRILLING OF TEXAS, LLC | § | CASE NO. 13-20100 |
| | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**EMERGENCY MOTION FOR AUTHORITY TO OBTAIN
POST-PETITION FINANCING UNDER 11 U.S.C. § 364**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS MOTION WITHIN FOURTEEN (14) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**NOTWITHSTANDING THE ABOVE, DEBTOR ANTICIPATES SEEKING
INTERIM RELIEF ON AN EMERGENCY BASIS WHICH IF GRANTED
WILL BE CONSIDERED IN LESS THAN 14 DAYS**

Now comes Sandia Drilling of Texas, LLC ("Debtor" or "Sandia Texas"), Debtor in
Possession in the above styled and numbered cause, and files this its Emergency Motion for
Authority to Obtain Post-Petition Financing Under 112 U.S.C. § 364 (the "Motion") and shows as
follows:

I.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core
proceeding under 28 U.S.C. § 157. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408
and 1409. The statutory predicates for the relief sought herein are §§ 105 and 364 of the Bankruptcy
Code.

II.

Debtor has filed a Motion for Consolidation of Debtors' Estates in this proceeding seeking
to consolidate its assets and debts with those of Sandia Drilling Co., Ltd. LLP ("Sandia") its affiliate.
Alternatively, Debtor has filed a Motion for Joint Administration if the Court determines not to
consolidate the proceedings. The assets and debts between the Debtor and Sandia are intermingled,
cross collateralized, cross-pledged, and effectively incapable of division.

III.

Prior to the filing of this bankruptcy petition, Debtor's income derived primarily from its
ongoing business of providing contract drilling services to oil and gas exploration companies or

producers.  Debtor owns some rigs and leases other drilling rigs from Sandia..  Sandia owns 50%

of the equity interests in Sandia Texas and has the right to cancel the 50% claimed by Pinnacle

Drilling, Inc. for non-payment of its capital contribution.  Sandia Texas has been unable to obtain

sufficient post-petition financing or capital to continue with its drilling operations and all drilling

rigs, including those of Debtor and Sandia, have been, or are in the process of being, stacked in

secure storage yards.  Accordingly, Sandia Texas has been unable to pay the lease payments to

Sandia causing cash flow shortages for Sandia.  Sandia Texas further has been unable to meet its

expense requirements to secure and preserve its assets for the benefit of its creditors.

## IV.

Debtor's ongoing expenses for which funding is necessary consists of insurance premiums,

and other expenses related to the preservation of Debtor's assets.  A true and correct copy of the

anticipated use of funds is attached hereto as Exhibit A and incorporated herein for all purposes.

Debtor has on hand some funds but they are not sufficient to pay the necessary expenses as they

come due and Debtor has received notice of intent to cancel its insurance in the absence of payment.

Debtor has obtained approval to use a portion of its cash receipts from prior drilling contracts which

constitute the cash collateral of Citizens National Bank, Bossier City, Louisiana.  However, payment

of those accounts has been slow and have not been received by Debtor in time to avoid the necessity

of obtaining additional funds.  Debtor intends to utilize the cash on hand and funds received to the

extent allowed by the cash collateral order granted by the Court or otherwise agreed to by Citizens

National Bank before utilizing funds which would be advanced pursuant to this Motion.

## V.

Debtor has been unable to obtain post-petition financing on an unsecured basis.  However,

W:\Files\Cases\Sandia Drilling Co\Sandia Drilling of TX, LLC\Ch 11 #13-20100 filed 05-15-13\Pleadings\Motion for Post
Petition Financing\Emergency Motion To Approve Post-Petition Financing.wpd

Debtor has negotiated a line of credit to be loaned by John S. Turner, Jr. ("Turner") to Debtor on terms and conditions more specifically set out in the proposed Commercial Loan Agreement and Single Pay Promissory Note  attached hereto as Exhibit B and incorporated herein for all purposes (jointly the "Loan Agreement").  Turner is an insider to the Debtor.  Debtor has been unable to obtain financing on any basis from a non-insider on terms and conditions as favorable as those proposed herein. During the operation of the Debtor's business, it was the practice for short term loans to be obtained from Turner when there was a shortfall of cash flow.  Accordingly it could be considered that an unsecured loan of the sort contemplated would be in the ordinary course of business and not require Court approval under 11 U.S.C. § 364(a). However, because Turner desires to retain the right to have this loan subsumed into a subsequent financing agreement with the Debtor which may require collateral, the Debtor is seeking approval of this loan out of caution to protect the rights and interests of all parties in interest.

## VI.

The Loan Agreement in general terms calls for the Debtor to borrow and Turner to advance sufficient funds to meet the immediate cash needs of the Debtor.  The funds advanced will hold administrative  priority under 11 U.S.C. § 503(b)(1).   The loan would be in the amount of $323,000.000. By separate motion, Debtor will seek approval of a larger line of credit from Turner which may subsume the loan made pursuant to this Motion and may seek to grant collateral to secure its repayment. However, in the interim and until and unless an order is entered with different terms and conditions, the loan shall remain an unsecured administrative priority claim.

## VII.

Contemporaneously herewith, Debtor is filing its Request for Emergency Hearing for this

Motion to be heard on an emergency basis with shortened notice.

Wherefore, premises considered, Debtor prays for entry of order approving the loan and

terms of the Commercial Loan Agreement and Single Pay Promissory Note, authorizing the Debtor

to execute same, and for such other and further relief to which it may be entitled.


Respectfully submitted,

~~SEARCY & SEARCY, P.C.~~

By:   /s/ Jason R. Searcy
Jason R. Searcy, State Bar 17953500
Joshua P. Searcy, State Bar 24053468
P.O. Box 3929
Longview, Texas 75606
(903) 757-3399 Telephone
(903) 757-9559 Facsimile
*Attorneys for Debtor*


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been
forwarded via electronic mail, if available, and/or by regular mail, postage prepaid to the following
parties interested parties shown on the attached service list on or before June 26, 2013.

/s/ Jason R. Searcy
Jason R. Searcy

Sandia Drilling of Texas LLC
Emergency Cash Needs Estimate

| Operating Expenses | Week Ended 28-Jun-13 | Week Ended 5-Jul-13 | Week Ended 12-Jul-13 | Week Ended 19-Jul-13 | Week Ended 26-Jul-13 | Week Ended 2-Aug-13 |
|---|---|---|---|---|---|---|
| Insurance Expense | 172,515 | | 163,297 | | | |
| Liquidation Manager | 27,500 | | | 17,500 | | |
| Salaried Yard & Office Payroll | 26,000 | | 26,000 | | 26,000 | |
| Field Payroll | | 42,000 | | 42,000 | | 42,000 |
| Truck Fuel & Tires | 35,000 | | | | | |
| Truck License Registration | | 13,500 | | | | |
| Midland Yard Rent | 5,000 | | | | | 5,000 |
| Pyote Yard - Rig 4 Storage | 5,000 | | | | | 5,000 |
| Blue Cross/Blue Shield | 22,200 | | 22,200 | | | 22,200 |
| Frost Bank - DOT | 5,000 | | | | | |
| Utilities & Office Costs | | 3,250 | | | | 3,250 |
| Security Company Expense | 8,818 | 10,248 | 3,587 | 3,587 | 3,587 | 3,587 |
| **Total Estimated Operating Expenses** | $ 307,033 | $ 68,998 | $ 215,084 | $ 63,087 | $ 29,587 | $ 81,037 |

W:\Files\Cases\Sandia Drilling Co\Sandia Drilling of TX, LLC\Ch 11 #13-20100 filed 05-15-13\Pleadings\Motion for Post Petition Financing\Emergency Cash Needs (6-24-13)

EXHIBIT
A
tabbies

# COMMERCIAL LOAN AGREEMENT

BEFORE the undersigned Notary or Notaries Public, in and for the county or counties or parish or parishes set forth below, and the undersigned competent witnesses, on the date or dates set forth below, but effective as of the Closing of this Loan as provided herein, regardless of such date or dates of execution, personally came and appeared:

(i)     Sandia Drilling Company, Ltd., L.L.P., ("Sandia"), a Texas limited liability partnership, represented herein by LDC-GP, L.L.C., its General Partners, represented herein by Raymond J. Lasseigne, its duly authorized Manager and Sandia Drilling of Texas, LLC, ("SDOT"), a Texas limited liability company, represented herein by Raymond J. Lasseigne, its duly authorized Manager. Sandia and SDOT shall be referred to collectively as ("Borrower");

(ii)    John S. Turner, Jr., ("Lender"), an individual of lawful age, domiciled in Shreveport, Caddo Parish, Louisiana;

who declared as follows:

WHEREAS, both Sandia and SDOT have recently filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code which cases bear the following docket information (1) In re Sandia Drilling, Co., Ltd, L.L.P., United States Bankruptcy Court for the Eastern District of Texas, #13-20099 (the "Sandia Bankruptcy") and (2) In re Sandia Drilling of Texas, LLC, United States Bankruptcy Court for the Eastern District of Texas, #13-20100, (the "SDOT Bankruptcy")(collectively the "Bankruptcies").

WHEREAS, Borrower has significant need for funds to pay emergency post-petition administrative expenses.

WHEREAS, the Borrower is in the process of obtaining court approval for permanent post-petition financing.

WHEREAS, Borrower has requested the Lender to loan money to Borrower in the principal amount of THREE HUNDRED TWENTY THREE THOUSAND AND NO/100 ($323,000.00) DOLLARS.

NOW, THEREFORE, in consideration of the mutual conditions and agreements set forth in this Commercial Loan Agreement, for good and valid cause and for good and valuable consideration, the receipt of which is hereby acknowledged, the Borrower and the Lender enter into this Commercial Loan Agreement (herein the "Agreement") as follows:

## ARTICLE I
## DEFINITIONS

1.01    Definitions. As used in this Agreement, the following terms have the following meanings:

"Agreement" means this Commercial Loan Agreement, as it may be amended, renewed, extended, supplemented or otherwise modified from time to time.

"Business" shall mean the drilling contractor business operations of the Borrower on the date hereof and all operations related thereto or in support thereof.

"Business Day" means any day on which commercial banks are not authorized or required to close in Bossier City, Louisiana.

"Closing" shall refer to the date on which the transactions contemplated by this Agreement, are approved by the Bankruptcy Court in the Bankruptcies and those transactions shall be concluded, in the manner and at the time and place set forth in this Agreement.

-1-

EXHIBIT

B

tabbies®

"Default" means any condition or event which, after notice or lapse of time, or both, would constitute an Event of Default.

"Effective Date" shall mean the Closing Date.

"Event of Default" has the meaning given such term in Section 8.01.

"GAAP" means generally accepted accounting principles, applied on a consistent basis, as set forth in the Opinions of the Accounting Principles Board of the American Institute of Certified Public Accountants or statements of the Financial Accounting Standards Board, or their respective successors, and that are applicable in the circumstances as of the date in question. Accounting principles are applied on a consistent basis when the accounting principles observed in a current period are comparable in all material respects to those accounting principles applied in a preceding period.

"Loan" means the aggregate amount loaned hereunder as described in Article II herein.

"Note" means the Note evidencing the Borrower's Loan as described in Section 3.01 herein, and any extension or renewal thereof.

"Obligations" means all of the obligations, indebtedness, and liabilities of the Borrower under this Agreement and the Note, and all interest, penalties, late fees or other charges accruing thereon and all attorneys' fees and other expenses incurred in the enforcement or collection thereof.

"Person" means any individual, corporation, business, trust, association, company, partnership, joint venture, governmental authority or other entity.

1.02    <u>Accounting Terms</u>.  Any accounting term used in this Agreement shall have, unless otherwise specifically provided herein, the meaning customarily given in accordance with GAAP consistently applied, and all financial computations hereunder shall be computed, unless otherwise specifically provided herein, in accordance with GAAP consistently applied.

1.03    <u>Other Terms</u>.  All other undefined terms contained in this Agreement shall, unless the context indicates otherwise, have the meanings provided for by the UCC to the extent the same are used or defined therein. Wherever appropriate in the context, terms used in the singular also include the plural, and each masculine, feminine or neuter pronoun shall also include the other genders.

## ARTICLE II
## LOAN

Subject to the terms and conditions of this Agreement, the Lender has made available to Borrower the following loan:

2.01    <u>Loan</u>.  Lender shall loan to Borrower the sum of THREE HUNDRED TWENTY THREE THOUSAND AND NO/100 ($323,000.00) DOLLARS for payment of the post-petition expenses show on Exhibit "A" hereto on an emergency basis. Principal and interest on the Loan shall be due and payable thirty (30) days following receipt by Borrower of written demand for payment. The Note shall bear interest at the rate specified in the Note. It is the intention of the parties that should permanent post-petition financing be authorized by the Bankruptcy Court after notice and a hearing this Loan will be refinanced into a second secured credit facility in the amount of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS.

2.02    <u>Purpose of Loan</u>.  The proceeds of the Loan will be used by Borrower to pay the expenses shown in Exhibit A on an emergency basis. The Loan shall be allocated between the Borrower entities on the basis of each entity's interest in or responsibility for the expense paid, with joint responsibility expenses shared between them on a reasonable basis reflecting the benefit of such payment to each.

2.03    <u>Court Approval</u>.  The Loan is subject Bankruptcy Court approval on an expedited basis in the Bankruptcies.  That approval may come in the form of an order granting an emergency motion for post-petition financing filed by Borrower.

2.04    <u>Priority Claim</u>.    The Lender will be entitled to a priority administrative claim in the Bankruptcies to secure repayment but the Loan is otherwise unsecured.

**ARTICLE III**
**NOTE AND NOTE PAYMENT; FEES**

3.01    <u>Notes</u>.    The Loan and all of the Obligations shall be evidenced by Borrower's negotiable promissory note ("Note") in the form acceptable to Lender, payable to Lender or Order, dated the date of Closing, in the principal amount of the Loan with interest at the rate specified in the Note.

3.02    <u>Interest Rates and Payments</u>.  The Obligations evidenced by the Note shall bear interest at the applicable rate specified in the Note or any renewal thereof. The initial rate shall be the New York Prime Commercial Rate plus two percent (2%) simple.  This rate may be adjusted at renewal or upon default, but shall otherwise be a fixed interest rate.

3.03    <u>Manner and Application of Payments</u>.  All payments and prepayments of principal and interest on the Note or other Obligations shall be made by Borrower to Lender at or before  2:00 p.m. (Bossier City, Louisiana, time), in immediately available funds in Bossier City, Louisiana. Any payment received after 2:00 p.m. (Bossier City, Louisiana, time) shall be deemed to have been made on the next succeeding Business Day. Should any principal of or interest on the Note, or any fee, become due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and interest thereon shall be payable at the then applicable interest rate during such extension. Unless an Event of Default has occurred and is continuing, all payments and prepayments made on the Note shall be credited first, against any fee or expense reimbursement due Lender hereunder with respect to the Note paid, or under this Agreement, second, against the amount of interest accrued and unpaid on such Note as of the date of such payment or prepayment, and, third, against the principal balance of such Note.

3.04    <u>Indemnity for Returned Payments</u>.  If after receipt of any payment of, or proceeds applied to the payment of, all or any part of the Obligations, the Lender is for any reason required to surrender such payment or proceeds to any Person, because such payment or proceeds is invalidated, declared fraudulent, set aside, determined to be void or voidable as a preference, or a diversion of trust funds, or for any other reason, then: the Obligations or part thereof intended to be satisfied shall be revived and continue and this Agreement shall continue in full force as if such payment or proceeds had not been received by the Lender and the Borrower shall be liable to pay to the Lender, and hereby does indemnify the Lender and hold the Lender harmless for the amount of such payment or proceeds surrendered. The provisions of this Section shall be and remain effective notwithstanding any contrary action which may have been taken by the Lender in reliance upon such payment or proceeds, and any such contrary action so taken shall be without prejudice to the Lender's rights under this Agreement and shall be deemed to have been conditioned upon such payment or proceeds having been final and irrevocable. The provisions of this Section shall survive the termination of this Agreement.

**ARTICLE IV**
**COLLATERAL**

This Loan is made on an unsecured basis but will be entitled to treatment as a post-petition administrative claim in the Bankruptcies to the extent of the allocation of the Loan to each Borrower entity under Section 2.02, and will be refinanced into any secured post-petition credit facility approved by the Bankruptcy Court in the Bankruptcies, or either of them, after notice and hearing.

-3-

## ARTICLE V
## REPRESENTATIONS AND WARRANTIES

To induce Lender to enter into this Agreement, the Borrower represents and warrants to Lender that:

5.01    Corporate Existence.

A.    Sandia (i) is a limited liability partnership duly organized, validly existing, and in good standing under the laws of the jurisdiction of its organization; (ii) has all requisite corporate power and authority to own its assets and carry on its business as now being or as proposed to be conducted; (iii) is qualified to do business in all jurisdictions in which the nature of its business makes such qualification necessary and where failure to so qualify would have a material adverse effect on its business, financial condition or operations; and (iv) has the corporate power and authority to execute, deliver and perform its obligations under this Agreement and the Note.

B.    SDOT (i) is a limited liability company duly organized, validly existing, and in good standing under the laws of the jurisdiction of its organization; (ii) has all requisite corporate power and authority to own its assets and carry on its business as now being or as proposed to be conducted; (iii) is qualified to do business in all jurisdictions in which the nature of its business makes such qualification necessary and where failure to so qualify would have a material adverse effect on its business, financial condition or operations; and (iv) has the corporate power and authority to execute, deliver and perform its obligations under this Agreement and the Note.

5.02    Internal Authorization.  In addition to Bankruptcy Court approval, the execution, delivery and performance by the Borrower of this Agreement and the Note have been duly authorized by all requisite action on the part of the Borrower and do not and will not violate or conflict with Sandia's and SDOT's, respectively, articles of partnership and articles of organization, operating agreement, or any law, rule or regulation, or any order, writ, injunction or decree of any court, governmental authority or arbitrator, and do not and will not conflict with, result in a breach of, or constitute a default under, or result in the creation or imposition of any Lien (except as provided by the United States Bankruptcy Code) upon any of the revenue or assets or the Borrower pursuant to the provisions of any indenture, mortgage, deed of trust, security agreement, franchise, permit, license or other instrument or agreement to which the Borrower is a party or which is binding on the Borrower or their assets.

5.03    Operation of Business.  The Borrower possesses all licenses, permits, franchises, patents, copy rights, trademarks and trade names, or rights thereto, and all necessary authorizations and approvals of any federal, state or local government agency, authority or instrumentality having jurisdiction over the Borrower, and the Borrower is not in violation of any valid rights of others with respect to any of the foregoing.

5.04    Enforceability.  This Agreement constitutes, and the Note when delivered shall constitute, the legal, valid and binding obligations of the Borrower, enforceable against the Borrower in accordance with their respective terms, except as limited by bankruptcy, insolvency or other laws of general application relating to the enforcement of creditors' rights.

5.05    Registered Office; Principal Place of Business.  The principal place of business of the Borrower, and the place where the Borrower keeps its books and records, is located at 820 Garrett Drive, Suite 2, Bossier City, Louisiana 71111.

5.06    Compliance with Law.  The Borrower is in compliance with all laws, rules, regulations, orders and decrees which are applicable to the Borrower or any of its properties, including but not limited to all Environmental Laws.

5.07    Taxes and Consents.  All applicable federal, state and local tax returns and reports as required have been duly filed by Borrower and all federal, state and local taxes, assessments and other governmental charges imposed on Borrower or its assets, which are due and payable, have

-4-

been paid, and all necessary consents, approvals or authorizations of any governmental agency or regulatory authority have been obtained.

5.08    Other Corporate Names.  The Borrower has not used any other corporate names other than the name shown in the Borrower's articles of partnership, and articles of organization as amended.

## ARTICLE VI
## POSITIVE COVENANTS

The Borrower, covenants and agrees that, except as otherwise agreed in writing by the Lender, and as long as the Obligations or any part thereof are outstanding, the Borrower will perform and observe, or cause to be performed or observed the following respective positive covenants:

6.01    Payment.  The Borrower shall duly and punctually pay or cause to be paid all sums due hereunder and under the Note and this Agreement.

6.02    Maintenance and Availability of Books and Records.  Borrower at all times will maintain its books and records timely, and accurately. Borrower will use its best efforts to maintain its books and records in accordance with GAAP except for variances approved by Lender. Borrower will permit Lender or its representatives to examine and copy its books and records at Lender's request.

6.03    Use of Proceeds.  Borrower will use the proceeds from the advances described herein solely for the purposes indicated in Section 2.02 herein.

6.04    Compliance with Agreements and Laws.  The Borrower will comply in all material respects with all indentures, mortgages, deeds of trust and other agreements and laws, including Environmental Laws, binding on it or affecting its properties or business.

6.05    Further Assurances.  The Borrower will execute and deliver such further documentation as may be requested by the Lender to carry out the provisions and purposes of this Agreement and the Note.

6.06    Regulatory Compliance.  Borrower will perform and maintain all applicable regulatory compliance, including but not limited to compliance with all rules or regulations promulgated by the OSHA, EPA, the State Department of Environmental Quality, or any other regulatory agency, state or federal.

## ARTICLE VII
## RELATIONSHIP OF BORROWER TO LENDER

7.01    Arm's Length Status of Loan.  Sandia, SDOT and Lender are affiliated entities in that Lender has an indirect controlling ownership of Sandia and Sandia has controlling ownership of SDOT.  Such relationships notwithstanding, Borrower represents and warrants that it has requested the Loan for a valid business purpose, that is, the payment of emergency post-petition expenses which will benefit both Bankruptcy Estates. Each Borrower acknowledges that the terms and conditions of the Loan have been negotiated at arm's length and are consistent with constitute usual and customary terms for loans of the type contemplated herein.

7.02    Waiver of Certain Claims.  To the maximum extent permitted by law, Borrower, as a material inducement to Lender to make the Loan, waives and releases any and all rights, claims or causes of action, of whatsoever find and nature, which assert, in whole or in part, the invalidity of the Loan on account of the affiliate relationship of Borrower and Lender, or which seek the subordination of Lender's rights to repayment to the rights of any other creditor of Borrower. Such waiver and release shall be deemed to include, without limitation, the right of Borrower, as Debtor-in-Possession, or any successor trustee in bankruptcy, to assert that any right to payment hereunder is subject to subordination under any provision of Section 510 of the Bankruptcy Code (11 USC 510) or similar statute.

## ARTICLE VIII
## DEFAULT

8.01    Events of Default.  Each of the following shall be deemed an Event of Default (provided, that an Event of Default shall not be deemed to occur under the provisions of subparagraphs 8.01.B through D below if Borrower shall cure or remove any of such defaults within thirty (30) days of the Borrower's knowledge of such default):

    A.    Non-Payment.  The Borrower shall fail to pay (i) any amount due when under the Note within thirty (30) days of written demand; (ii) the entire outstanding principal of the Note, together with interest thereon, when due, whether at original maturity, upon acceleration or otherwise; or (iii) any other amount payable hereunder or under any supplement, modification or extension hereof or of the Note; or (iv) any other Obligation of Borrower to Lender then due and payable.

    B.    Breach of Representation or Warranty.  Any representation or warranty made or deemed made by or on behalf of the Borrower in this Agreement or in the Note or in any certificate, report, notice or financial statement furnished at any time in connection with this Agreement shall be false, misleading or erroneous when made or deemed to have been made.

    C.    Breach or Failure of Covenants.  The Borrower shall default in the due performance or observance of any term, covenant or agreement on the Borrower's part to be performed or observed pursuant to any of the provisions of this Agreement, or the Note.

    D.    Failure of Agreement.  This Agreement or the Note shall cease to be in full force and effect or shall be declared null and void or the validity or enforceability thereof shall be contested or challenged by the Borrower or the Borrower shall deny that it has any further liability or obligation under the Note.

8.02    Remedies Upon Default.  Upon the happening of an Event of Default, the Lender may, as long as such Event of Default shall then be continuing, in addition to all of the remedies conferred upon the Lender under law or in equity or the terms of this Agreement or the Note, do any or all of the following, concurrently or successively, without notice to the Borrower and without the necessity of any notice declaring a default:

    A.    Acceleration.  Declare the entire unpaid balance of the Note and any other Obligations, or any part thereof, immediately due and payable, whereupon it shall be due and payable.

    B.    Judgment.  File an adversary proceeding in the Bankruptcies to reduce any claim to judgment.

    C.    Rights.  Exercise any and all rights afforded by the laws of the State of Texas, or the laws of the United States, including but not limited to the United States Bankruptcy Code or by this Agreement or the Note or by law or in equity or otherwise.

8.03    Lender Not in Control.  None of the covenants or other provisions in Article VIII of this Agreement shall, or shall be deemed to, give Lender the rights or power to exercise control over the affairs or management of the Borrower, the power of the Lender being limited to the rights to exercise the remedies provided for herein.

8.04    Waivers.  The acceptance by the Lender at any time and from time to time of part payment on the Obligations shall not be deemed to be a waiver of any Default or Event of Default then existing.

8.05    Expenditures by Lender.  Any sums spent by the Lender pursuant to the exercise of any right provided herein, including court costs and attorneys' fees, shall become part of the Obligations.

-6-

8.06   <u>Interest After Default</u>.  Following an Event of Default, interest due on the Loan shall be calculated at a default rate specified in the Note not to exceed the maximum rate prescribed by law.

**ARTICLE IX**
**MISCELLANEOUS**

9.01   <u>Method of Payment</u>.  All payments to be made by the Borrower pursuant to this Agreement shall be payable to the Lender at its principal office at 820 Garrett Drive, Suite 1, Bossier City, Louisiana 71111, or to such other address as the Lender shall from time to time designate in writing to the Borrower.

9.02   <u>Term</u>.  The term of this Agreement shall be from the Effective Date hereof until all the Obligations of the Borrower have been satisfied in full.

9.03   <u>Expenses of the Lender</u>.  The Borrower hereby agrees to pay the Lender on demand: (i) all costs and expenses including attorneys' fees, incurred by the Lender in connection with the preparation or enforcement of this Agreement, and (ii) all other costs and expenses incurred by the Lender in connection with this Agreement or the Note , including, without limitation, all costs, expenses, taxes, assessment, filing fees, and other charges levied by a governmental authority or otherwise payable in respect of this Agreement or the Note.

9.04   <u>No Duty</u>.  All attorneys, accountants, appraisers and other professional Persons and consultants retained by the Lender shall have the right to act exclusively in the interest of the Lender and shall have no duty of disclosure, duty of loyalty, duty of care or other duty or obligation of any type or nature whatsoever to the Borrower  or any of Borrower's partners or any other Person.

9.05   <u>Waiver of Claims</u>.  No action shall be commenced by Borrower for any claim against Lender under the terms of this Agreement or the Note  unless notice specifically setting forth the claim shall have been given to Lender within thirty (30) days after the occurrence of the event that Borrower alleges gave rise to such claim.

9.06   <u>No Waiver; Cumulative Remedies</u>.  No failure on the part of the Lender or Borrower to exercise and no delay in exercising, and no course of dealing with respect to, any right, power or privilege under this Agreement or the Note shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege under this Agreement or the Note preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies provided for in this Agreement and the Note are cumulative and not exclusive of any rights and remedies provided by law.

9.07   <u>Lender's Consent</u>.  Whenever any action or activity described in this Agreement or the Note requires Lender's consent, any request for such consent shall be made in writing, together with any data appropriate for Lender to consider in deciding whether or not to consent, and in sufficient time in advance of the proposed action or activity or permit Lender to make a reasoned and prudent decision.

9.08   <u>Successors and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the Lender, the Borrower and either party's respective successors and assigns, except that the Borrower may not assign or transfer any of its rights or obligations under this Agreement.

9.09   <u>Survival and Restatement of Representations and Warranties</u>.  All representations and warranties made in this Agreement or the Note or in any document, statement or certificate furnished by the Borrower in connection with this Agreement shall survive the execution and delivery of this Agreement and the Note and no investigation by the Lender shall affect the representations and warranties or the right of the Lender to rely upon them.

9.10   <u>Entire Agreement; Amendment</u>.  Except as otherwise agreed, this Agreement and the Note embody the final, entire agreement among the parties hereto and supersede any and all prior commitments, agreements, representations, and understanding, whether written or oral, relating to the Loan  and may not be contradicted or varied by evidence of prior, contemporaneous or

subsequent oral agreements or discussion of the parties hereto. There are no oral agreements among the parties hereto relating to the Loan. The provisions of this Agreement or the Note may be amended or waived only by an instrument in writing signed by the parties.

9.11   Notices.  All notices, requests, demands, consents or other communications given hereunder or in connection herewith shall be in writing, shall be sent by registered or certified mail, return receipt requested, postage prepaid, or by hand delivery with acknowledged receipt of delivery, shall be deemed given on the date of acceptance or refusal of acceptance shown on such receipt, and shall be addressed to the party to receive such notice at the following applicable address:

If to the Borrower:

Sandia Drilling Company, Ltd., L.L.P.
Sandia Drilling of Texas, LLC
820 Garrett Drive, Suite 2
Bossier City, LA  71111
Attn:   Raymond J. Lasseigne

With a copy to:

Jason R. Searcy, Esq.
Searcy & Searcy, P.C.
P.O. Box 3929
Longview, TX 75606

If to Lender:

John S. Turner, Jr.
820 Garrett Drive, Suite 1
Bossier City, LA  71111

Any party may, by notice given as aforesaid, change its address for all subsequent notices. Each notice by or on behalf of any party shall be deemed sufficient if signed by any one of such party's officers or by such party's counsel and if otherwise given or made in compliance with this Section.

9.12   Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9.13   Severability.  Any provision of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement and the effect thereof shall be confined to the provision held to be invalid or illegal.

9.14   Headings.   The headings, captions, and arrangements used in this Agreement are for convenience only and shall not affect the interpretation of this Agreement.

9.15   Construction.  The Borrower and the Lender acknowledge that each of them has had the benefit of legal counsel of its own choice and has been afforded an opportunity to review this Agreement and the Note with its legal counsel and that this Agreement and the Note  shall be construed as if jointly drafted by the Borrower and Lender.

9.16   Waiver of Jury Trial.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE BORROWER HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM OR RECONVENTIONAL DEMAND (WHETHER BASED UPON CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE NOTE OR THE TRANSACTIONS CONTEMPLATED THEREBY OR THE ACTIONS OF LENDER OR ANY PARTICIPANT IN THE NEGOTIATION, ADMINISTRATION, OR ENFORCEMENT THEREOF.

-8-

9.17    <u>Conflict with the Note</u>.    To the extent this Loan Agreement conflicts with the Note, the provisions of this Loan Agreement will control.

9.18    <u>Notice of Law</u>.    This Agreement shall be interpreted under the substantive laws of the State of Texas and the applicable provisions of the United States Bankruptcy Code.

[SIGNATURES ON NEXT PAGE]

THUS DONE AND PASSED at Bossier City, Bossier Parish, Louisiana, as of the 25th day of June, 2013.

**WITNESSES (TO ALL SIGNATURES):**

Print Name: Ronald L. Worley

Print Name: Gwen H. Ennis

JEANETTE B. EDMISTON
NOTARY ID # 056680
NOTARY FOR LIFE
BOSSIER-CADDO, LOUISIANA

**BORROWER:**

**SANDIA DRILLING COMPANY, LTD., L.L.P.**

By: LDC-GP, L.L.C., General Partner

By: _____
Raymond J. Lasseigne, Manager

**SANDIA DRILLING OF TEXAS, LLC**

By: SANDIA DRILLING COMPANY, LTD., L.L.P.

By: LDC-GP, L.L.C., General Partner

By: _____
Raymond J. Lasseigne, Manager

_____
NOTARY PUBLIC
Bossier Parish, Louisiana

THUS DONE AND PASSED at Bossier City, Bossier Parish, Louisiana, as of the 25th day of June, 2013.

**WITNESSES:**

Print Name: Ronald L. Worley

Print Name: Gwen H. Ennis

**LENDER:**

_____
John S. Turner, Jr.

_____
NOTARY PUBLIC
Bossier Parish, Louisiana

JEANETTE B. EDMISTON
NOTARY ID # 056680
NOTARY FOR LIFE
BOSSIER-CADDO, LOUISIANA

-10-

SINGLE PAY PROMISSORY NOTE

$323,000.00                                                            June 25, 2013

     FOR VALUE RECEIVED, Sandia Drilling Co., Ltd., L.L.P. and Sandia Drilling of Texas, L.L.C., (the "Maker" whether one or more), promise to pay to John S. Turner, Jr., ("Payee"), or his order, the full sum of THREE HUNDRED TWENTY THREE THOUSAND AND 00/100s ($323,000.00) U.S. DOLLARS, plus interest on said amount at the rate of New York Prime, as defined by the Wall Street Journal, plus two percent (2%) per annum until paid as provided for herein. This Note shall mature and be due and payable in full thirty (30) days following written notice of demand. Maker may prepay all or any portion of the principal due under this Note without penalty. If Maker fails to pay this Note at maturity, the rate of interest due after such default shall increase to by two percentage points (2%) per annum on the principal then due from date of default until this Note is paid in full; provided, the default rate of interest will not exceed a maximum of eight percent (8%) per annum simple.

     Maker acknowledges the Loan evidenced hereby constitutes a post-petition advance under an Order of the Bankruptcy Court having jurisdiction of each Maker's pending Chapter 11 bankruptcy proceedings, as more particularly described in the Commercial Loan Agreement ("Loan Agreement") of even date pursuant to which this Note has been executed and delivered to Payee. In the event of any conflict between this Note and the Loan Agreement, the Loan Agreement shall prevail.

     The advance represented by this Note will not be made and interest will not accrue until the Closing, as provided in the Loan Agreement.

     An Event of Default under this Note shall be deemed to have occurred if Maker fails to pay the full amount due and owing within thirty (30) days of Maker's receipt of written notice of demand for payment. Upon the occurrence of an Event of Default the entire principal balance and interest due on this Note shall be due and owing in full. Upon such Event of Default this Note may be placed in the hands of an attorney for collection, and Maker agrees and is to pay, in addition to principal and interest due, all of Maker's costs of collection, including reasonable attorneys' fees. Any notice or payment required or permitted by this Note may be delivered to Payee at 820 Garrett Drive, Suite 2, Bossier City, Louisiana, 71111.

     The makers, endorsers, guarantors, and sureties of this Note hereby severally waive presentment for payment, demand, notice of non-payment and protest, all pleas of division or discussion, and consent that time of payment may be extended without notice hereof.

     Executed at Bossier City, Louisiana, as of the date above written.

**SANDIA DRILLING COMPANY, LTD., L.L.P.**

By: LDC-GP, L.L.C., General Partner

By: _____
     Raymond J. Lasseigne, Manager

**SANDIA DRILLING OF TEXAS, LLC**

By: SANDIA DRILLING COMPANY, LTD., L.L.P.

By: LDC-GP, L.L.C., General Partner

By: _____
     Raymond J. Lasseigne, Manager

Label Matrix for local noticing
0540-2
Case 13-20100
Eastern District of Texas
Marshall
Wed Jun 26 09:43:09 CDT 2013

A-1 Embroidery & Screen Printing, Inc
P. O. Box 2636
Midland, TX 79702-2636

A-1 Sign Engravers, Inc.
P. O. Box 2641
Midland, TX 79702-2641

A-Team Construction
P. O. Box 397
Knox City, TX 79529-0397

AA Chemical & Supply
2425 Stafford Blvd.
Pecos, TX 79772-6629

ADAME, ALVARO (02570)
622 S SYCAMORE STREET
PECOS, TX 79772-4333

ARREDONDO, JOSE R. (04064)
P. O. BOX 1855
OZONA, TX 76943-1855

AT&T
P. O. Box 5001
Carol Stream, IL 60197-5001

Air Products Company, Inc
P. O. Box 14088
Odessa, TX 79768-4088

Allens Casing Crews
P. O. Box 4346
Dept 939
Houston, TX 77210-4346

Attorney General - Texas
Taxation Division - Bankruptcy
PO Box 12548 Capitol St.
Austin, TX 78711-2548

B & L Satellite Rentals
P. O. Box 2
Eunice, NM 88231-0002

B Line Lube Odessa
Box 4598
Odessa, TX 79760-4598

B-Line Filter & Supply, Inc.
P.O. Box 4598
Odessa, TX 79760-4598

BENNETT, JUDSON
PO Box 69772
Odessa, TX 79769-0772

BLAIR, CHRISTOPHER C. (01918)
300 WESLEY RIDGE
SPICEWOOD, TX 78669

BLAIR, COLLIN R. (05596)
2916 OLD DALLAS ROAD
WACO, TX 76705-1245

BLAIR, JEFF D. (08713)
P. O. BOX 945
GROESBECK, TX 76642-0945

BUDREAU, TRAVIS L. (03678)
1448 E. CHAUVEZ RD.
SCOTTVILLE, MI 49454-9758

BURKHART, BARRY J. (00599)
9401 SCHOOL STREET
LAKE, MI 48632-9503

Bain Equipment Co.
8620 W. County Rd. N
Odessa, TX 79764

Kyle Baisley
Western Petroleum, LLC.
5508 Lonas Dr.
Knoxville, TN 37909-3221

Basin Equipment, Inc.  (20)
P. O. Box 69255
Odessa, TX 79769-0255

Julia E. Blewer
509 Market Street, Ste. 1000
Shreveport, LA 71101-3251

Blue Cross Blue Shield of Texas Health C
P. O. Box 731428
Dallas, TX 75373-1428

Boyd & Me Williams Energy Group Inc
550 W Texas Ste 310
Midland Tx 79701-4257

Brake & Wheels/Gordo Bros.
3245 Kermit Hwy.
Odessa, TX 79764-6492

Brian Rocha
9647 Wesso Circle
Shreveport LA 71118-4918

Bruckner Truck Sales, Inc
P. O. Box 2208
Decatur, AL 35609-2208

Bull Directional Drilling Specialists
c/o Registered Agent
Idds Management, LLC
10314 State Hwy. 191
Midland, TX 79707-1496

Bull Directional Drilling Specialists    (20)
10314 State Hwy. 191
Midland, TX 79707-1496

Business First Bank
8440 Jefferson Highway, Ste. 101
Baton Rouge, LA 70809-7654

Business First Bank
800 Sring Street, Ste. 120
Shreveport, LA 71101-3759

Butch's Rat Hole & Anchor Service, Inc
P. O. Box 1323
Levelland, TX 79336-1323

Byrd Oilfield Services, LLC    (20)
P. O. Box 7269
Abilene, TX 79608-7269

CASTILLO, RUBEN (04981)
3520 N. MOSS AVENUE #8
ODESSA, TX 79764-9222

E. Keith Carter
Rogers, Hearne & Carter, A P.L.C.
P O Box 7235
Shreveport, LA 71137-7235

Century Graphics & Sign, Inc
P. O. Box 8309
Midland, TX 79708-8309

Ceridian Benefit Services
P. O. Box 10989
Newark, NJ 7193

Chief Transport
600 North Big Spring St
Midland, TX 79701-4329

Cintas Fas Lockbox 636525
P. O. Box 636525
Cincinnati, OH 45263-6525

Citizens National Bank
Rogers, Carter & Payne, LLC
4415 Thornhill Avenue
Shreveport, LA 71106-1553

Citizens National Bank
2711 East Texas Street
Bossier City, LA 71111-3753

Citizens National Bank
P. O. Box 6266
Bossier City, LA 71171-6266

Claudia M Molia-Antanaitis
Rudy L Sustaita
EEOC
1201 Louisiana 6th Floor
Houston TX 77002-5625

Coastal Pipe USA, LLC
PO Box 2032
Cypress, TX 77410-2032

Consolidated Tax Services, LLP
P. O. Box 1807
Henderson, TX 75653-1807

County of Harrison
c/o Lee Gordon
P.O. Box 1269
Round Rock, Texas 78680-1269

County of Harrison, Harrison CAD, Midland CA
c/o Lee Gordon
P.O. Box 1269
Round Rock, TX 78680-1269

Crystin Manufacturing Company
P. O. Box 13832
Odessa, TX 79768-3832

DB Bits LLC    (20)
P. O. Box 9326
Midland, TX 79708-9326

DE LOS SANTOS, JAMES N. (08541)
3939 TANGLEWOOD APT. 258
ODESSA, TX 79762-7113

DEAN, DAVID A. (06843)
3106 CALLAWAY
MIDLAND, TX 79707-5037

DEAN, JACK
3106 Callaway
Midland, TX 79707-5037

DS Waters DBA Sierra Springs
PO Box 660579
Dallas, TX 75266-0579

Daniel J. Kalahar
9506 W. Coleman Rd.
Lake, MI 48632-9671

David A. Dean
3106 Callaway
Midland, TX 79707-5037

David McCampbell & Associates, LLC
18 Augusta Pines Dr.
#210-C
Spring, TX 77389-3397

Randall S. Davidson
509 Market Street, Ste. 1000
Shreveport, LA 71101-3251

Desert Energy Equipment, Inc
P. O. Box 13290
Odessa, TX 79768-3290

Dialog Wireline Services, LLC
3100 Maverick Drive
Kilgore, TX 75662-9032

Diamond Fleet Parts, Inc.
1925 W. 2nd
Odessa, TX 79763-4407

Diamond Tank Rental, Inc
P. O. Box 4751
Odessa, TX 79760-4751


Discovery Operating, Inc.
800 N. Marienfeld
Suite 100
Midland, TX 79701-3382

Dokaan, LLC
P. O. Box 69882
Odessa, TX 79769-0882

Carl Dore
Dore Law Group, PC
17171Park Row, Ste 160
Houston, TX 77084-4927


Drilformance LLC    (20)
410 S. Trade Center Pkwy.
Suite A-1
Conroe, TX 77385-8246

Duncan Disposal #688
PO Box 78829
Phoenix, AZ 85062-8829

Dynamic Welding & Fabrication
4326 W. 11th
Odessa, TX 79763-3290


E.C. Tool & Supply Co.
P. O. Box 1286
Abilene, TX 79604-1286

EEOC
207 S Houston St
3rd Floor
Dallas TX 75202-4799

EGGE, STEVEN E. (04034)
3003 N URANUS
ODESSA, TX 79764-8875


Eagle NDT, LLC
P. O. Box 6290
Abilene, TX 79608-6290

Eagle Propane & Fuels % EPBB Investment
P. O. Box 61777
Midland, TX 79711-1777

Energy Fishing & Rental Services    (20)
P. O. Box 116587
Atlanta, GA 30368-6587


Energy Fishing & Rental Services, Inc.
co Leo Gutierrez
York Centre 10235 West Little York Road
Houston TX 77040-3229

FEELER-TEDDER, KYLE T. (03753)
4033 MIDWAY ROAD
WEATHERFORD, TX 76085-3859

FIERS, ADAM L. (03019)
1947 S. DARR ROAD
SCOTTVILLE, MI 49454-9764


FORD, PETER A. (05309)
2533 GUNTER CIRCLE
BIG SPRING, TX 79720-6257

Fab Tech Drilling Equipment, Inc.   (20)
P. O. Box 13862
Odessa, TX 79768-3862

Federal Express
PO Box 660481
Dallas, TX 75266-0481


Fedex
P. O. Box 660481
Dallas, TX 75266-0481

First Insurance Funding Corp   (20)
P. O. Box 66468
Chicago, IL 60666-0468

Fishing Tool
P. O. Box 14314
Odessa, TX 79768-4314


Forrest Tire Co, Inc-Odessa
2525 E. 8th St.
Odessa, TX 79761-4903

Forum Energy Technologies US, Inc
P. O. Box 203325
Dallas, TX 75320-3325

G. William Fowler
G William Fowler PC
3800 # 42nd St Ste 600
Odessa, TX 79762


G. William Fowler, P.C.
3800 E. 42nd Street
Ste. 600
Odessa, TX 79762-5930

Gabe's Casing & Laydown Service, Inc
P. O. Box 69078
Odessa, TX 79769-0078

General Machine and Supply, Inc.
P. O. Box 2249
Odessa, TX 79760-2249

Glass Doctor of Permian Basin
1103 S Big Spring
Midland, TX 79701-7205

Glass Doctor of Permian Basin
701 N. County Road West
Odessa, TX 79763-3746

(p)MICHAEL REED OR LEE GORDON
PO BOX 1269
ROUND ROCK TX 78680-1269

Green's Pipe Service, Inc.
P. O. Box 7814
Odessa, TX 79760-7814

H. C. Howell Co.
901 W. 59th
Odessa, TX 79764-3505

HARRINGTON, JOSHUA D. (09219)
5106 WASSON ROAD
BIG SPRING, TX 79720-7166

HAUFFE, NICK H. (08158)
2434 E. JENA DRIVE
JENA, LA 71342-3626

HERNANDEZ, LUIS A. (08945)
P. O. Box 13
EL INDIO, TX 78860-0013

Harrison CAD
c/o Lee Gordon
P.O. Box 1269
Round Rock, Texas 78680-1269

Hennig & Sons Trucking Inc
6408 S. Co. Rd 1285
Midland, TX 79706-3009

Horizon Cable Service, Inc.
P. O. Box 270895
Oklahoma City, OK 73137-0895

Hughes Oilfield Transportation Inc
2513 N. Mercury Ave.
Odessa, TX 79763-1922

Iberia Bank
P O Box 7500
Little Rock AR 72217-7500

Impulse Electric, Ltd. (20)
P. O. Box 14926
Odessa, TX 79768-4926

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

J & W Services & Equipment Company, Inc.
P.O. Box 11021
Midland, Tx 79702-8021

J & W Services and Equipment Company, Inc.
C/O Angelia B. Lee
Craig, Terrill, Hale & Grantham, LLP
9816 Slide Road, Suite 201
Lubbock, Texas 79424-5781

J&W Servcices & Equipment Co.
P. O. Box 11021
Midland, TX 79702-8021

J. Chad Parker
The Parker Firm, PC
3808 Old Jacksonville Rd.
Tyler, TX 75701-8515

JACOBSON, DAVID R. (04427)
1298 E. FREEMAN ROAD
FREE SOIL, MI 49411-9719

JAL Welding & Machine Works, Inc.
P. O. Box 337
Cheyenne, OK 73628-0337

JONES, CHRISTIAN M. (07189)
4314 COUNTRY CLUB
MIDLAND, TX 79703-4855

Jack Dean
508 Wall St., Ste. 782
Midland, TX 79701-5061

Joe R. Shoemake
307 SW 5th Avenue
Minerals Wells, TX 76067-5237

John S. Turner, Jr.
820 Garrett Dr.
Bossier City, LA 71111-2500

David N Johnston
Fab Tech Drilling Equipment Co., Inc.
P O Box 13862
Odessa, TX 79768-3862

Allison A. Jones
509 Market Street, Ste. 1000
Shreveport, LA 71101-3251

Joval LLC
11115 Kilkerran Court
Las Vegas, NV 89141-4356

Judson Bennett
12010 State Hwy 191
Midland TX 79707-1572

KACZMAREK JR., RICHARD D. (02886)
2558 MAPLE ROAD
MANISTEE, MI 49660-9628

KALAHAR, DANIEL J. (08816)
9506 W COLEMAN ROAD
LAKE, MI 48632-9671

KELLISON, REBECCA A. (07956)
102 N. EISENHOWER DRIVE
MIDLAND, TX 79703-6024

KIMBLE, DAKOTA D. (07988)
4003 COMPTON
MIDLAND, TX 79707-3505

KOHANEK, KEEGAN W. (09737)
108 N DEWBERRY DRIVE
MIDLAND, TX 79703-6001

LANDERS, RANDY L. (04987)
729 CR 2214
PITTSBURG, TX 75686-3974

LEDFORD, MICHAEL S. (02532)
P. O. BOX 1142
ZWOLLE, LA 71486-1142

LEEK Safety & Fire Equiment, Inc
P. O. Box 1583
Odessa, TX 79760-1583

LENOIR, STEPHEN D. (02758)
2807 FM 1245W
GROESBECK, TX 76642-2521

LITTLE, ARLEN R. (01741)
2228 OBERLIN ROAD
GLADWIN, MI 48624-8967

Raymond J. Lasseigne
820 Garrett Drive
Bossier City, LA 71111-2500

Angelia B. Lee
Craig, Terrill, Hale & Grantham, LLP
9816 Slide Road, Suite 201
Lubbock, TX 79424-5781

Liberty Bit Service, Inc
P. O. Box 69709
Odessa, TX 79769-0709

M3P Directional Services Ltd.
P. O. Box 2552
Midland, TX 79702-2552

MACHUCA, DOLORES R. (05327)
P O BOX 11295
ODESSA, TX 79760-8295

MCDOWELL, MELVIN B. (00956)
7256 ESLERFIELD ROAD
PINEVILLE, LA 71360-9039

Madrid's Welding Service
10137 W. Palm
Odessa, TX 79764-8949

Marc R. May
Woods, May & Matlock, PC
2500 Legacy Dr., Ste. 226
Frisco, TX 75034-5984

Matheson Tri-Gas, Inc A & F Welding Supp
2311 West 42nd Street
Odessa, TX 79764-6308

Matt Catalano
Cotton, Bledsoe, Tighe & Dawson, PC
500 W. Illinois, Ste. 500
Midland, TX 79701-4579

McBride Supplies it All, LLC    (20)
P. O. Box 1105
Hobbs, NM 88241-1105

Medlun Williamson
19331 Big Valley Dr
Flint TX 75762-8848

Merrimac Manufacturing
P. O. Box 560
Plantersville, TX 77363-0560

Midland CAD
PO Box 908002
Midland, TX 79708-0002

Midland CAD
c/o Lee Gordon
P.O. Box 1269
Round Rock, Texas 78680-1269

Midland Central Appraisal District    (20)
P. O. Box 908002
Midland, TX 79708-0002

Midland County Tax
Assessor, Kathy Reeves
PO Box 712
Midland, TX 79702-0712

Midland Safety & Health Sales & Servic
P. O. Box 60814
Midland, TX 79711-0814

Montrel Pipkins
613 Kingridge Place
Shreveport LA 71108-6015

Nathaniel Moran
100 East Ferguson, Suite 500
Tyler, TX 75702-5750

Mudsmith, Ltd.
310 W. Wall
Suite 200
Midland, TX 79701-5163

Mullen Crane & Transport, Inc.
P. O. Box 917
Soda Springs, ID 83276-0917

Neff Rental, LLC
P. O. Box 405138
Atlanta, GA 30384-5138

Timothy W. O'Neal
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

OROZCO, IZIDRO (06777)
P O BOX 885
OZONA, TX 76943-0885

ORTIZ, RODRIGO (09781)
121 E 10TH STREET
SAN ANGELO, TX 76903-4772

OVERMAN, MICHAEL D. (06192)
211 N W 4TH
ANDREWS, TX 79714-6204

Oil Works, Inc.
P. O. Box 69170
Odessa, TX 79769-0170

PARSONS, JAY D. (03769)
106 N COLUMBIA
SCOTTSVILLE, MI 49454-1022

PDC Logic Hijet Bit, LLC
2601 Venture Dr.
Norman, OK 73069-8203

PETERS, ROBERT W. (00891)
1856 E US 10
CUSTER, MI 49405-9792

PIERSON, EDWARD M. (06675)
2104 93RD PLACE
LUBBOCK, TX 79423-4418

Pason Systems USA Corp.
16100 Table Mountain Pkwy
Suite 100
Golden, CO 80403-1672

Penny Nowell
Lunn,Irion,Salley,Carlisle & Gradner
P O Box 1534
Shreveport LA 71165-1534

Permian Basin Drug & Alcohol Testing, In
P. O. Box 3565
Odessa, TX 79760-3565

Petroleum Educational Services, Inc.
100 East Country Road 127
Midland, TX 79706-6433

Power Industrial Transmission LLC
P. O. Box 1127
Odessa, TX 79760-1127

Precision Directional Services Inc.
c/o Spencer D. Solomon
Nathan Sommers Jacobs, P.C.
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056-6131

Precision Directional Services, Inc  (20)
P. O. Box 203375
Dallas, TX 75320-3375

Precision Directional Services, Inc.
c/o Spencer D. Solomon
Nathan Sommers Jacobs, P.C.
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-6131

Pro Communications
P. O. Box 61830
Midland, TX 79711-1830

QUIROZ, ALONSO P. (09438)
P. O. BOX 885
OZONA, TX 76943-0885

R & J Technical Services
P. O. Box 1345
Evanston, WY 82931-1345

RADER, CHAD L. (00781)
6425 W 26TH
ODESSA, TX 79763-5929

RODRIGUEZ JR., NORBERTO C. (05765)
1220 S. ASH
PECOS, TX 79772-5401

RODRIQUEZ, NORBERTO C. (02125)
2005 IVEY
PECOS, TX 79772-6320

Ralston Diesel Services, Inc.
c/o Scott A. Ritcheson
Ritcheson, Lauffer & Vincent, P.C.
821 ESE Loop 323, Ste. 530
Tyler, TX 75701-9779

Raymond J. Lasseigne
PO Box 5625
Bossier City, LA 71171-5625

Ready Drill, LLC
1601 South Stockton
Monahans, TX 79756-6504

Reds Satellite Service Company
P. O. Box 559
Abilene, TX 79604-0559

Reeves County Tax Collector
PO Box 700
Pecos, TX 79772-0700

Reeves County Tax Collector Rosemary Cha
P. O. Box 700
Pecos, TX 79772-0700

Reliant
P.O. Box 650475
Dallas, TX 75265-0475

Reynolds Brothers Reproduction Ltd.
315 N. Colorado
Midland, TX 79701-4603


Rig Express, LLC   (20)
P. O. Box 19574
Shreveport, LA 71149-0574

Rig Technology, Inc.   (20)
P. O. Box 69708
Odessa, TX 79769-0708

Scott Alan Ritcheson
Ritcheson, Lauffer & Vincent, P.C
821 ESE Loop 323, Suite 530
Tyler, TX 75701-9779


S&C Noland, Inc. / DBA Diesel Dynamics
P. O. Box 2266
Midland, TX 79702-2266

SANCHEZ, CRAIG E. (00371)
801 NW 13TH
ANDREWS, TX 79714-3004

SANCHEZ, JESUS G. (04689)
P. O. BOX 885
OZONA, TX 76943-0885


SANCHEZ, LEOBARDO M. (05999)
P. O. BOX 885
OZONA, TX 76943-0885

SANDERS, RANDALL D. (06072)
2522 FAULKNER
MIDLAND, TX 79705-2647

SANDERS, RANDALL T. (03440)
2522 FAULKNER
MIDLAND, TX 79705-2647


SMIT, LANCE C. (03380)
19171 MARK STREET
WELLSTON, MI 49689-9544

SUMMERS, BRIAN K. (04823)
3001 WHITTLE WAY
MIDLAND, TX 79707-5272

Sabre Downhole Tools, Ltd.   (20)
440 Louisiana St.
Suite 2200
Houston, TX 77002-1644


Safety Solutions, LLC
71116 West I-20
Midland TX 79706

Sandia Drilling Co LTD LLP   (20)
PO Box 5837
Bossier City, LA 71171-5837

Sandia Drilling of Texas, LLC
1675 IH 20 Road S
Waskom, TX 75692


Jason R. Searcy
P. O. Box 3929
Longview, TX 75606-3929

Joshua P. Searcy
Searcy & Searcy, P.C.
PO Box 3929
Longview, TX 75606-3929

Searcy & Searcy, P.C.
P.O Box 3929
Longview, TX 75606-3929


Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102-6882

Slingshot Supply, Inc
P. O. Box 4869
Department 437
Houston, TX 77210-4869

Smith Oilfield Services
1336 W Hwy 114
P. O. Box 562
Bridgeport, TX 76426-0562


Spencer D. Solomon
Nathan Sommers Jacobs, P.C.
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056-6131

Southern Tire Mart, LLC
529 Industrial Pk Rd
Columbia MS 39429-8783

William Ross Spence
Snow Spence Green LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019-7106


Stallion Oilfield Services Ltd.
P. O. Box 1486
Attn: Accounts Receivable
Houston, TX 77251-1486

Stallion Oilfield Services, Ltd.
c/o Carl Dore', Jr.
Dore' Law Group, P.C.
17171 Park Row
Suite 160
Houston, TX 77084-4927

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

String Up Machine Professionals, Inc
Box 38
Durham, OK 73642-0038

Grant E. Summers
509 Market Street
Suite 1000
Shreveport, LA 71101-3251

TEDDER, HOLTON D. (03813)
4033 MIDWAY ROAD
WEATHERFORD, TX 76085-3859


TMR Exploration, Inc.
P. O. Box 5625
Bossier City, LA 71171-5625

Tetra Tech
P. O. Box 901678
Denver, CO 80291-1678

Texas Rig Equipment   (20)
P. O. Box 216
Andrews, TX 79714-0216


Texas Workforce Commission
TWC Building
101 E 15th Street
Austin, TX 78778-0001

Thompson Laydown Machines
P. O. Box 70190
Odessa, TX 79769-1190

Top Dawg Oilfield Services LLC
P. O. Box 872
Odessa, TX 79760-0872


Tracer Supply Co.
P. O. Box 3364
San Angelo, TX 76902-3364

Trans Pecos Instrument & Supply, Inc.
P. O. Drawer 71
Pecos, TX 79772-0071

Trans Tex Cementing Services, LLC   (20)
P. O. Box 50455
Midland, TX 79710-0455


Travis B Vargo
3000 Smith St
Ste 1
Houston TX 77006-3440

Triumph
11390 FM 830
Willis TX 77318-5626

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001


US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney
110 N College Ave
Suite 700
Tyler, TX 75702-0204

VARGAS JR., RICHARD (07305)
5006 JOY DRIVE
MIDLAND, TX 79703-6722


Verizon Wireless
P. O. Box 660108
Dallas, TX 75266-0108

Visa Business
PO Box 7500
Little Rock, AR 72217-7500

WAGNER, CONRAD A. (00569)
12010 STATE HWY 191
MIDLAND, TX 79707-1572


WALKER, WILLIAM C. (00195)
8201 DORADO DR. APT 721
ODESSA, TX 79765-8604

WILLIAMS, TERRY E. (09143)
204 WHITSON ROAD
BOONESVILLE, AR 72927-7841

Water Works
2425 Stafford Blvd.
Pecos, TX 79772-6629


Weatherford U.S., L.P.
P. O. Box 200019
Houston, TX 77216-0019

Western Petroleum   (20)
210 Park Avenue
#1800
Oklahoma City, OK 73102-5604

Western Petroleum LLC
Kyle A Baisley
5508 Lonas Drive
Knoxville TN 37909-3221


Western Petroleum LLC-United Fuels D&E   (20)
P. O. Box 677780
Dallas, TX 75267-7780

Wild Well Control,Inc
P. O. Box 62600
Dept. 1261
New Orleans, LA 70162-2600

Willis Jarrel Jr
509 W Dobbs St
Tyler TX 75701-1536

Joesph Woodley                        Brian Ziegler
400 Texas Street, Ste 400             Sabre Downhole Tools (USA) Ltd.
PO Box 1786                           440 Louisiana St., Suite 2200
Shreveport, LA 71166-1786             Houston, TX 77002-1644

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Lee Gordon                            State Comptroller
McCreary Veselka Bragg & Allen, PC    Capitol Station
PO Box 1269                           Austin, TX 78774
Round Rock, TX 78665

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)AT&T                               (d)Midland County Tax Assessor Kathy Reeves   (d)Timothy W. O'Neal
PO Box 5001                           P. O. Box 712                                 Office of the U.S. Trustee
Carol Stream, IL 60197-5001          Midland, TX 79702-0712                        110 N. College Ave., Ste. 300
                                                                                    Tyler, TX 75702-7231

(d)Pro Communications                 (u)Rig Technology, Inc.                       (u)Sabre Downhole Tools, Ltd.
PO Box 61830
Midland, TX 79711-1830

(d)Sandia Drilling of Texas, LLC      (d)John S. Turner Jr.                         End of Label Matrix
1675 IH 20 Road S                     820 Garrett Drive                             Mailable recipients    241
Waskom, TX 75692                      Bossier City, LA 71111-2500                   Bypassed recipients      8
                                                                                    Total                  249